

## NUMBER 13-17-00487-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

RUBEN RODRIGUEZ JR.,                                         **Appellant,**

**v.**

THE STATE OF TEXAS,                                          **Appellee.**

### On appeal from the 105th District Court
### of Kleberg County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Justice Benavides**

The State charged appellant Ruben Rodriguez Jr., with possession of a controlled substance with intent to deliver committed on or within 1000 feet of a school, a first–degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134 (West, Westlaw through 2017 1st C.S.). Rodriguez pleaded guilty to the lesser included offense of possession of a controlled substance on August 5, 2015. *See id.* § 481.112. The trial court imposed

a ten-year sentence of imprisonment but suspended it in favor of community supervision for ten years.

The State filed a second motion to revoke on June 28, 2017,[1] in which it alleged that Rodriguez violated the conditions of his supervision by: failing to report for April, May and June 2017, failing to abide by zero tolerance supervision, and failing to pay numerous fees totaling over $1600.[2]

On August 16, 2017, Rodriguez pled true to all the allegations. Rodriguez testified at the hearing that he did not pay the fees "because I had too many bills to catch up on." Rodriguez explained that he is the only source of income for his family which consists of his girlfriend and his three children ages nine, seven, ten months, and another on the way. When he was jailed pending the hearing, his family moved in with his parents because they could not pay their bills with him in jail. Rodriguez did not explain his failure to report, other than testifying that in April 2017 he arrived late and had to wait. While he was waiting, he grew concerned that he would be jailed and left.

The trial court revoked his supervision and sentenced him to ten years' imprisonment in the institutional division of the Texas Department of Criminal Justice. Rodriguez filed a motion to reconsider his punishment after sentencing that the trial court

_____

[1] The first motion to revoke is not in the record, but the parties referenced it during the hearing on the second motion to revoke. During the previous motion to revoke, he pleaded true to seventeen allegations which included: not reporting, positive urinalyses, and no community service hours, as well as failing to attend and complete substance abuse evaluation and treatment.

[2] Rodriguez allegedly failed to pay the following fees: 1. contraband storage fee of $110 by March 1, 2017, 2. Drug Analysis fee of $180 by April 1, 2017, 3. time payment fee of $25 by November 27, 2016, 4. supervision fees of $40 monthly beginning November 2016 through June 2017, 5. supervision fees of $60 monthly for November 2016 through June 2017, 6. Crime Stoppers fee of $50 by January 1, 2017, 7. PSI fee of $25 due by December 1, 2016, 8. Victim's Compensation Fee of $100 due by February 1, 2017, and 9. Urinalysis Testing Fee arrearage of $160 due by May 1, 2017.

denied. This appeal followed with Rodriguez's court-appointed appellate counsel moving to withdraw and filing an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders,* Rodriguez's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State* and *Kelly v. State*, Rodriguez's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. *See High*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Kelly*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014). Rodriguez's appellate counsel also informed this Court that he: (1) notified Rodriguez that he has filed an *Anders* brief and a motion to withdraw; (2) provided Rodriguez with copies of both pleadings; (3) informed

3

Rodriguez of his rights to file a pro se response,[3] review the record preparatory to filing that response, and seek discretionary review if we conclude that the appeal is frivolous; (4) provided Rodriguez with a form to request a copy of the appellate record; and (5) informed Rodriguez that the pro se response, if any, should identify for the Court those issues which he believes the Court should consider in deciding whether the case presents any meritorious issues. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than adequate time has passed, and Rodriguez has not filed a pro se response.

## II.   INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). A court of appeals has two options when an *Anders* brief and a subsequent pro se response are filed. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

---

[3] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether to case presents any meritorious issues." *See In re Schulman*, 252 S.W.3d 403, 407 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See id.* at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record. Accordingly, the judgment of the trial court is affirmed.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Rodriguez's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffrey v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Rodriguez and advise him of his right to file a petition for discretionary review.[4] *See* TEX. R. APP. P. 48.4; *see also In re*

---

[4] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see id* R. 68.3, and should comply with the requirements of the Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

5

*Schulman*, 252 S.W.3d at 412 n.35; *Ex Parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of August, 2018.